IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**  **PLAINTIFF**

v.  Case No. 5:13-CR-50087-001

**ANDREW C. JUDKINS**  **DEFENDANT**

## OPINION AND ORDER

Currently before the Court are two Motions filed by Defendant Andrew C. Judkins: a Motion to Dismiss Count Three of the Third Superseding Indictment (Doc. 67) and a Motion for Bill of Particulars (Doc. 73). The Government filed responses to both Motions (Docs. 71, 75). For the reasons explained herein, the Motions are **DENIED**.

Beginning with Judkins' Motion to Dismiss, he argues that Count Three of the Third Superseding Indictment "fails to sufficiently inform him of the charges against which he must be prepared to defend and to which he can plead an acquittal or conviction and bar future prosecutions for the same offense." (Doc. 67, p. 1).

Count Three states:

> On or about June 27, 2007, in the Western District of Arkansas, Fayetteville Division and elsewhere, the defendant **ANDREW C. JUDKINS**, knowingly executed and caused to be executed a scheme and artifice to obtain money, funds, credits, assets, securities and property under the custody and control of the Bank of the Ozarks, a financial institution whose deposits are insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations and promises in order to obtain a $90,900.00 loan from Bank of the Ozarks; namely, **JUDKINS** sent and caused to be sent to the Bank of the Ozarks a false and fraudulent "Blackmon Buyers Inquiry and Settlement Sheet," Invoice No. 2733 and dated June 20, 2007, which falsely represented to Bank of the Ozarks the purchase of one 1999 Bell B35C End Dump Truck, serial number 003470, for $90,900.00; all in violation of Title 18 U.S.C. §§1344(2) and 2(b).

(Doc. 37, pp. 5-6).

Where an indictment alleges a scheme to defraud under the bank, mail, or wire fraud statutes, it must specify facts "'not merely in the general words of the statute, but with such reasonable particularity . . . as will . . . apprise [the defendant], with reasonable certainty, of the nature of the accusation . . . and as will enable the court to say that the facts stated are sufficient in law to support a conviction.'" *United States v. Steffen*, 687 F.3d 1104, 1113 (8th Cir. 2012) (quoting *Brown v. United States*, 143 F. 60, 62 (8th Cir. 1906)).

After reviewing Count Three and Judkins' Motion to Dismiss, it appears Judkins' argument goes more to the sufficiency of the evidence the Government intends to introduce at trial in order to obtain a conviction than to the sufficiency of the facts pleaded in the Superseding Indictment. Judkins maintains that Count Three is deficient in that "the Government cannot identify for this Court or Mr. Judkins the terms of any loan agreement, the date a loan agreement was entered, the collateral identified in the loan agreement, the termination date of the loan agreement, or the signatories of the loan agreement"; and "[t]he fundamental problem with Count Three is that without the loan agreement there is no way to know if there is a signature by Mr. Judkins agreeing to the terms of a loan." (Doc. 67, pp. 2-3).

Despite Judkins' assertions, the Government has, in fact, identified in discovery a number of documents it intends to introduce in support of Count Three, including a promissory note signed by Judkins concerning a loan account with Bank of the Ozarks for floor plan financing, as well as a Commercial Security Agreement that references this promissory note and lists the specific collateral listed in Count Three. *See* Docs. 71-2, 71-9. An indictment that is valid on its face may not be dismissed on the ground it is based

on inadequate or insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54-55 (1992). Further, "[i]n reviewing the sufficiency of an indictment, [the court] accept[s] the government's allegations as true, without reference to allegations outside the indicting document." *United States v. Farm & Home Sav. Assn.*, 932 F.2d 1256, 1259 (8th Cir. 1991), *cert. denied*, 502 U.S. 860 (1991). After careful review, therefore, the Court finds that Count Three states sufficient facts to indicate with reasonable particularity the nature of the accusation so as to support a conviction.

With regard to Judkins' Motion for Bill of Particulars, which concerns Count One of the Third Superseding Indictment, Judkins contends that he requires more detailed information from the Government in order to understand the charge.

Count One states:

> On or about June 2, 2008, in the Western District of Arkansas, Fayetteville Division and elsewhere, the defendant **ANDREW C. JUDKINS**, knowingly executed and caused to be executed a scheme and artifice to obtain money and funds owned by and under the custody and control of First Security Bank, a financial institution whose deposits are insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representations and promises; namely, **JUDKINS** submitted and caused to be submitted to First Security Bank a fake invoice representing A. Camp Equipment's purchase of two 1999 Bell Articulated Trucks in the amount of $500,000.00; all in violation of 18 U.S.C. §§ 1344(2) and 2(b).

Doc. 37, pp. 4-5.

Judkins insists he does not know what is meant by the term "fake invoice" in Count One. He maintains that "this broad and general allegation further prevents the Defendant from confronting those allegations and defending against them." (Doc. 73, p. 3). Judkins argues that by granting his Motion for Bill of Particulars, the Court will require the

Government to inform him "of exactly what he has been accused of doing," by "layind [sic] out the specifics of how the invoice as alleged is fake . . . ." *Id.*

"The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009). "[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *Id.*

In reviewing Count One, the Court finds the description of the alleged "fake invoice" to be clear enough to be easily understood. The Government is not required to provide Judkins with a detailed theory of its case as to Count One or any other Count, nor is it required to walk him through the evidence, exhibit by exhibit, that will be presented at trial. The Government must simply disclose all the evidence upon which it intends to rely, and it appears to have done so.

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss Count Three of the Third Superseding Indictment (Doc. 67) and Motion for Bill of Particulars (Doc. 73) are **DENIED**.

**IT IS SO ORDERED** this 19th day of February, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE